Denio, J.
This case comes precisely within the language of section 120 of the Code of Procedure, which provides that “persons severally hable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all, or any of them, be included in the same action, at the option of the plaintiff,” I see no reason to doubt that it is likewise ^nthin- the meaning and intention of the enactment. It relates expressly to several, and not to joint liabilities. The latter did not require the aid of a special provision; for a plurality of joint contractors always could be, and generally were required to be, sued together; and provision was made in the act concerning joint debtors, for omitting to serve *288 process on all, if the Creditor should só elect. But, though this were otherwise, the'prbvision in question relates, interns, to cases where á plurality of persons contract several obligations in the same instrument. That was thé case here. It may be said that the Cause of action is not, ih this case, precisely the same against both the defendants. The lessée engaged to pay the rent unconditionally, and the surety Was tinder no obligation until the principal had made default. But, after such defatdt, each of them was liable for the same precise amount absolutely. They werC, therefore, withih the language wdiitih. speaks of persohs severally liable upbh the same instrument. If this were otherwise doubtful, the reference to suits upon bills of exchange and promissory notes makes it entirely certain that the present case was one of those in the contemplation of the authors of the section. The' parties to such paper are included in the provision. The indorsee of a bill or note, and the drawer of an accepted bill, are otily liable contingently, and after being charged upon a default of the maker or acceptor. They were included in the scope of the enactment, because, though, in á general sense,'parties to the paper on which their names are placed, they are not parties to the obligation, or instrument, in the same strict sense as the surety in the case, under consideration. No doubt, a pretty radical innovation upon the comtóbn-law system of pleading was made when, by the act of 1832 (p. 489, ■§ 1), the several obligations of parties to a bill or note were allowed to be enforced in a single action. But this had become familiar law when the Code was written, and it seems then to have been considered that the principle might be usefully extended to cases" like the present; and the section referred to appears to me to have been framed for "that purpose. I am not able to enterfain any doubt respecting the correctness of the judgment ofvthe Supreme Court. In the cases from 11 Howard’s Practice Reports, 2l8, and from 10 Barbour, 638, to which we have been referred, the separate undertaking of the surety was contained in a different instrument, and it was held that he" could not be joined as a defendant ih tin action against the principal. It *289 was assumed by the court that, in a case like the present, where both parties were bound by the same instrument, the statute would apply.
I am in favor of affirming the judgment of the Supreme Court.
Comstock, Ch. J., and Mason, J., dissented; all the other judges concurring,
Judgment affirmed.